**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES LOUIS MOSS,** | § | |
| **Plaintiff,** | § | |
| | § | **No. 3:05-CV-172-M** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Parties**

Plaintiff filed an unspecified civil action.  Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*.  Service has not issued.

**II.  Background**

Plaintiff argues the State of Texas violated his civil liberties because the State has "looked the other way" while big insurance companies have breeched workers' rights.  He argues the State failed to protect his "citizen rights" when the Texas Workforce Commission denied his workers compensation claim.[1]  He argues the State has violated his constitutional

---

[1]Plaintiff filed suit against the Texas Workforce Commission for denying his workers' compensation claim.  *Moss v. T.W.C.C.*, 3:04-CV-2556-N (N.D. Tex. Jan. 20, 2005).  On

**Findings and Conclusions of the
United States Magistrate Judge**                Page -1-

rights and has "blacklisted" him because of a criminal charge he received in 1980.

On March 23, 2005, Plaintiff filed a motion to amend his responses to the Magistrate Judge's Questionnaire.  On April 12, 2005, the Court granted Plaintiff's motion to amend and ordered Plaintiff to amend his responses by May 12, 2005.  On May 23, 2005, Plaintiff filed amended Questionnaire responses in *Moss v. A.I.G. Claims Servs., Inc., et al.*, 3:05-CV-174-N. He did not file amended responses in this action.

## III.  Screening

A complaint filed *in forma pauperis* that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  Section 1915(e) requires dismissal where the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(A) & (B) (West Supp. 2003).

## IV.  Discussion

Plaintiff does not state the basis for jurisdiction of this complaint.  He does state that Defendant violated his civil liberties and his constitutional rights.  The Court therefore construes this complaint as a claim arising under 42 U.S.C. § 1983.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

---

January 21, 2005, the Court dismissed the suit for lack of jurisdiction.

**Findings and Conclusions of the
United States Magistrate Judge**          Page -2-

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).  Section 1983 does not include a waiver of the states' sovereign immunity.  *Quern v. Jordan*, 440 U.S. 332, 338 (1979).  Texas has not waived its Eleventh Amendment immunity.  *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996).  Plaintiff's complaint should therefore be dismissed.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed this 6th day of June, 2005.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -4-